IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROHALEY AND SON AUTOMOTIVE, INC., ) | Case No. 1:20-cv-2700 |
| ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | THOMAS M. PARKER |
| ) | |
| TRAVELERS CASUALTY ) | |
| INSURANCE COMPANY OF ) | **REPORT & RECOMMENDATION** |
| AMERICA, ) | |
| Defendant. | |

A discovery dispute in this matter resulted in defendant Travelers Casualty Insurance Company of America ("Travelers") being awarded reasonable costs incurred in bringing its motion to compel. ECF Doc. 39. Travelers claims $11,029 in attorney fees, representing 45.2 hours at an associate rate of $200 and 9 hours at a partner rate of $220. ECF Doc. 36. Plaintiff Rohaley and Son Automotive, Inc. ("RSA") filed a response, arguing that no money be awarded for lack of substantiation. Travelers filed a reply brief and, after an order to do so, a supplement to its bill of costs. ECF Doc. 40; ECF Doc. 42. The matter is now before me for preparation of a report and recommendation ("R&R") on the reasonableness of Travelers's costs. ECF Doc. 39.

As will be discussed below, Travelers's bill of costs is not so lacking in detail as to preclude an award of reasonable costs. And upon review, I recommend that Travelers be awarded $10,012.60.

Travelers seeks $11,029 in attorney fees accrued in litigating the motion to compel. ECF Doc. 36. To support that figure, Travelers has submitted the below paraphrased table:

| Description | Hours | Amount |
|---|---|---|
| Correspondence with RSA identifying deficiencies in its discovery disclosures and requesting a supplement | .7 at $200/hour | $140.00[1] |
| Preparation of motion to dismiss/compel and supporting brief | 17.2 at $200/hour | $3,440.00 |
| Legal research to support motion | 1.6 at $200/hour | $320.00 |
| Review of RSA's opposition brief and preparation of reply brief | 4.2 at $200/hour 1.0 at $220/hour | $1,060.00 |
| Legal research to support reply brief | 1.4 at $200/hour | $280.00 |
| Communication with plaintiff's counsel and the court about the discovery dispute | .7 at $220/hour | 154.00 |
| Preparation for telephone conference on Travelers's motion to dismiss/compel | 2.0 at $220/hour | $440.00 |
| Conference with plaintiff's counsel on discovery dispute | .5 at $220 | $110.00 |
| Participation at telephone conference and review of court's April 27, 2022 order | .7 at $220 | $154.00 |
| Preparation of proposed stipulation on use of discovery from previous civil case | 2.3 at $200 | $460.00 |
| Review of R&R and RSA's supplemental discovery disclosures | 4.1 at $200 2.9 at $220 | $1,458.00 |
| Review of RSA's supplemental document production | 7.3 at $200 | $1,460.00 |
| Review of RSA's objections to the R&R and preparation of response | 6.4 at $200 .7 at $220 | $1,434.00 |
| Communication with plaintiff's counsel and the court regarding RSA's objections and Travelers's response | .5 at $220 | $110.00 |
| Total[2] | 45.2 at $200 9 at $220 | $11,020 |

ECF Doc. 36 at 1–2.

The $200/hour rates represent work performed by associate attorney Donald J. Parthum Jr. and research attorney Catherine L. Coash. ECF Doc. 42-2 at 3 (Parthum affidavit); ECF Doc.

---

[1] Travelers claimed $149 for the .7 hours worked at the $200 rate, which is mathematically incorrect. The table reflects the correct calculation. The total amount has been adjusted accordingly.
[2] The total amount was independently calculated by the court.

2

42-3 at 3 (Coash affidavit); ECF Doc. 42-4 at 3, 6, 9, 12, 14, 18 (redacted invoices). The $220/hour rate represents work performed by partner attorney Kurt D. Meyer. ECF Doc. 42-1 at 3–4 (Meyer affidavit); ECF Doc. 42-4 at 9–10, 12, 14, 16. Parthum has been a member of the State Bar of Michigan since 1993, with experience in insurance law since 1994 and as his primary focus since 2016. ECF Doc. 42-2 at 2–3. Coash was admitted to practice in Michigan in 1992 and has practiced insurance law specifically since 2017. ECF Doc. 42-3 at 2–3. And Meyer has been admitted to practice in Michigan (1985), Ohio (2011), and Wisconsin (2020) and has practiced insurance law since 1986. ECF Doc. 42-1 at 2.

All three attorneys work for Gregory, Meyer & Chapnick, P.C. ("GMC"). ECF Doc. 42-1 at 2; ECF Doc. 42-2 at 2; ECF Doc. 42-3 at 2. GMC is an insurance defense law firm consisting of seven attorneys. ECF Doc. 42-1 at 3. According to Meyer, the rates claimed by Travelers were the amounts customarily charged by GMC for defense matters involving Travelers's entities in Ohio through June 28, 2022, after which the rates increased. ECF Doc. 42-1 at 3.

If a motion to compel is granted, even in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also* Fed. R. Civ. P. 37(a)(5)(A). To calculate attorney fees, courts use the "lodestar method": the number of hours reasonably expended multiplied by a reasonable hourly rate. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The burden is on the party seeking attorney fees to establish "entitlement to an award and documenting the appropriate hours expended and hourly rates." *Yellowbrook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (internal quotation marks omitted).

A.      **Reasonable Hourly Rate**

The burden is on Travelers to prove that the hourly rates requested are reasonable. *Disabled Patriots of Am., Inc. v. Reserve Hotel, Ltd.*, 659 F. Supp.2d 877, 885 (N.D. Ohio 2007). Whether the hourly rates claimed are reasonable is determined by reference to the prevailing market rate, *i.e.*, "the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted). Courts within this district have historically turned to the Ohio State Bar Association's study of attorney fees for guidance on determining reasonable attorney's fees. *See Wheatt v. City of E. Cleveland*, No. 1:17-CV-377, 2019 U.S. Dist. LEXIS 147551, at *26–28 (N.D. Ohio Aug. 29, 2019); *Postovic v. D2 Mgmt., LLC*, No. 5:19-CV-1222, 2019 U.S. Dist. LEXIS 213392, at *6–7 (N.D. Ohio Dec. 11, 2019); *Goff v. Ruff Neon & Lighting Maint., Inc.*, No. 1:16-CV-194, 2017 U.S. Dist. LEXIS 19917, at *6–10 (N.D. Ohio Feb. 13, 2017).

Travelers's claimed hourly rates are reasonable. Neither rate is out of proportion with rates customarily paid in Cleveland. *The Economics of Law Practice in Ohio in 2019*, Ohio State Bar Association, 44-45; (2022), https://www.ohiobar.org/membership/Practice-Management-Tools-Services/economics-of-law-practice-study/. Both rates are less than the median hourly billing rate for firms of similar size to GMC ($240) and to firms with an office in Cleveland ($250-$313). *Id.* at 44. A $200 associate rate is consistent with the median hourly billing rate for attorneys with 3 to 10 years in practice ($200-$215) and less than the median hourly billing rate for attorneys with more than 25 years in practice ($250). *Id.* at 44, 49. A $220 partner rate is less than the median hourly billing rate for an attorney with over 35 years of experience ($250). *Id.* at 44. And both hourly rates are between the median ($170) and 75th percentile ($275) for insurance law. *Id.* at 45.

Thus, I find that the $200/hour rate claimed for work performed by Parthum, an associate with over 25 years of experience in insurance law, and Coash, a research attorney with at least 5 years of experience in insurance law, is reasonable. I further find that the $220/hour rate for work performed by Meyer, a partner with over 35 years of experience, is reasonable.

B.  **Reasonable Number of Hours**

RSA raises various objections to the reasonable necessity of the hours Travelers claims. *See* ECF Doc. 38. I will address each in turn.

1. **Lack of Dates**

RSA objects to the lack of dates for each of the entries listed in Travelers's bill of costs. ECF Doc. 38 at 2, 4–5. That issue has been rendered moot, however, by Travelers's reply and supplement. *See* ECF Doc. 40 at 3-5; ECF Doc. 42-4.

2. **Block-Billing**

RSA further objects to Travelers's use of entries for work on blocks of tasks with undifferentiated time on each discrete task. ECF Doc. 38 at 2–3. RSA takes specific issue with the billing entries claiming: (i) 17.2 hours for preparation of the motion to dismiss and supporting brief; and (ii) 14.4 hours for reviewing RSA's supplemental document production, reviewing the R&R, and preparing a response to objections. *Id.*

The practice to which RSA refers is known as "block-billing": "a time-keeping method where a lawyer enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Benoist v. Titan Med. Mfg., LLC*, No. 2:19-cv-02704, 2021 U.S. Dist. LEXIS 186829, at *9 (W.D. Tenn. Sept. 29, 2021) (internal quotation marks omitted). Although the practice is discouraged, it is not fatal to a claim for the award of attorney fees. *Id.*; *see also Potter v. Blue Cross Blue Shield of Mich.*, 10 F. Supp.3d 737, 763 (E.D. Mich. 2014).

So long as the billing entry adequately describes the work performed, fees can be awarded. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 705 n.7 (6th Cir. 2016). If not, "the district court may reduce the award accordingly." *Howe v. City of Akron*, 705 F. App'x 376, 383 (6th Cir. 2017) (internal quotation marks omitted).

RSA is correct that the bill of costs submitted by Travelers consists entirely of block-billing. *See* ECF Doc. 36. But the descriptions provided, when supplemented by Travelers's billing invoices, are sufficient to describe the work performed, the time spent on each discrete task, and by whom. *Compare* ECF Doc. 36, *with* ECF Doc. 42-4; *see also Roberts v. Beshear*, No. 2:20-CV-054, 2022 U.S. Dist. LEXIS 177243, at *16 (E.D. Ky. Sept. 29, 2022) ("the tasks complained of, including drafting, researching, and editing specific documents, are sufficient to describe the work performed" (alterations and internal quotation marks omitted)). A review of Travelers's redacted billing invoices reveals no duplication between the amount of time spent on preparing the motion to compel/dismiss and the time claimed for legal research. ECF Doc. 42-4 at 3, 5–6. And Travelers's billing invoices properly itemized the time spent on "review," on what, by whom, and when. ECF Doc. 42-4 at 12–14, 17. That leaves the issue of determining the reasonableness of the time claimed to have been spent on each task, which is next.

### 3. Reasonableness

RSA argues that it was excessive for Travelers to spend two hours preparing for a telephone conference on the discovery dispute when the discovery issues had already been briefed. ECF Doc. 38 at 3. RSA disputes the need for 2.3 hours to prepare a stipulated order on the use of discovery for the previous lawsuit between the parties. ECF Doc. 38 at 3. RSA disputes as duplicative the .7 hours claimed for attending a court proceeding. ECF Doc. 38 at 4.

And RSA disputes the need for .5 hours to communicate with the court regarding objections to the R&R. ECF Doc. 38 at 4–5.

I do not find it excessive that Travelers devoted two hours to prepare for the April 27, 2022 telephone conference on the parties' discovery dispute. *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) ("courts should … exclude excessive, redundant, or otherwise unnecessary hours"). Briefing on Travelers's motion to compel/dismiss concluded on March 14, 2022. *See* ECF Doc. 18; ECF Doc. 19; ECF Doc. 20. Given the temporal gap between the conclusion of briefing and the date for the telephone conference, it was not unreasonable for Meyer to devote two hours to refreshing himself on the matter before participating.

It was likewise not excessive for Travelers to spend 2.3 hours preparing a stipulated order on the use of discovery produced in the previous lawsuit between the parties. The billing invoices reflect that the 2.3 claims reflected work performed by Coash on April 28, 2022: (i) .6 hours reviewing the course of discovery in the previous proceeding; and (ii) 1.7 hours drafting and revising the order. ECF Doc. 42-4 at 11–12. That was not unnecessary or excessive. Whether or not RSA should be required to pay that amount, however, is a separate issue to which I will return when adjusting the lodestar amount.

I do not find any duplication in the .7 hours claimed for communication with RSA and the court and the .7 hours claimed for attending the April 27, 2022 telephone status conference. *See* ECF Doc. 42-4 at 10–11. However, I find unnecessary the .5 hours claimed by Travelers for communications with RSA and the court regarding RSA's objections to the April 29, 2022 R&R. The billing invoices reflect that the .5 hours claimed represent: (i) .1 hours for an email to the court on June 10, 2022; (ii) .2 hours for emails to RSA on June 13, 2022; and (iii) .2 hours for

7

emails exchanged with the court on June 20, 2022. ECF Doc. 42-4 at 14, 16. Travelers has not attempted to establish why these emails were necessary, especially the June 20, 2022 emails, which were exchanged because Travelers was untimely in filing a response to RSA's objections to the R&R. Accordingly, I will deduct the .5 hours claimed for Meyer's communications with RSA and the court in June 2022.

I have also independently reviewed the billing invoices and compared them to the amounts claimed in the bill of costs. I do not find any of them excessive, redundant, or otherwise unnecessary. *See U.S. Structures, Inc.*, 130 F.3d at 1192.

### C. Lodestar Amount

After deducting the .5 hours for communications by Meyer with RSA and the court in June 2022, the resulting lodestar calculation is: ($200 x 45.2 hours) + ($220 x 8.5 hours) = $10,910.

### D. Adjusted Lodestar Calculation

RSA argues that it should not have to pay for the time spent by Travelers drafting the stipulated order on the use of discovery from the previous litigation and reviewing that evidence. ECF Doc. 38 at 3–4. RSA argues that that it should also not bear the cost of Travelers's response to RSA's objections to the April 29, 2022 R&R because Travelers made "demonstrably incorrect statements" and "bad faith arguments" pressing for dismissal as a sanction. ECF Doc. 38 at 5–6. RSA argues that Travelers: (i) has "pretend[ed]" not to understand the nature of its insurance claim; (ii) raised objections in this case to evidence that was accepted in the previous lawsuit without objection; and (iii) refused to communicate with RSA on the discovery issues until ordered to do so by the court, preferring to engage in expensive motions practice. ECF Doc. 38 at 6.

After establishing the "lodestar," the court may adjust the fee amount to reflect considerations particular to the case. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Applicable factors may include:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

I agree with RSA that it should not have to bear the costs associated with the discovery that was produced in the previous lawsuit. The parties had "substantially completed" paper discovery in their initial lawsuit by August 7, 2019. CM/ECF for N.D. Ohio, No. 1:18-cv-02825, Doc. 13. Despite this case being essentially a continuation of that lawsuit, the court learned on April 27, 2022 that neither party had considered whether to make the discovery already produced available for use in this case. Docket Entry dated 4/27/2022. Both parties are equally responsible for that omission. I therefore find it inappropriate to award Travelers the 2.3 hours ($460) it seeks for preparing the stipulated order.

I also agree that some reduction should be made with respect to Travelers's response to RSA's objections to the April 29, 2022 R&R. My April 29, 2022 R&R recommending dismissal as a sanction for RSA's discovery violations left open the possibility of lesser sanctions if RSA cured its discovery deficiencies in the 14-day period within which to file objections. ECF Doc. 26. The discovery deficiencies to be cured consisted of: (i) incomplete initial disclosures; (ii) inadequate responses to Interrogatories No. 2, 5, 6, and 8; and (iii) inadequate responses to

Requests for Production No. 1, 2, 6-8, 13, 15, 18, 21-26. *See* ECF Doc. 26 at 14–17. RSA attempted to cure, but, as successfully argued by Travelers in responding to RSA's objections, RSA's responses remained deficient as to Interrogatories Nos. 2, 6, and 8 and Requests for Production Nos. 15 and 21-25. *See* ECF Doc. 35 at 6–8, 10–13, 17–21. And Travelers correctly identified deficiencies in RSA's revised responses to Requests for Production Nos. 1, 2, 16, and 26, though I concluded that the RSA's responses nevertheless complied with its discovery obligations. ECF Doc. 35 at 14–17, 21–23. However, Travelers also asserted deficiencies to three requests for production that it had not previously contested, two of which were meritless. ECF Doc. 35 at 5–6. In consideration of the results obtained, I find it inappropriate to award Travelers the full amount claimed for responding to RSA's objections. *Geier*, 372 F.3d at 791. I will therefore deduct 30% ($437.40) to the total amount claimed for reviewing the R&R and preparing a response to RSA's objections.

RSA's remaining arguments do not warrant any further reductions. RSA has repeatedly argued over the course of this discovery dispute that Travelers's objections are unwarranted because, as a party to the underlying insurance claim, it has the insurance claim file and knows the basis of RSA's claim. As previously stated, "that RSA may have provided information to Travelers in the claim adjustment process does not absolve RSA of its obligation[s] under the Federal Rules of Civil Procedure." ECF Doc. 26 at 15–16; *see also McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp.3d 924, 932 (E.D. Ky. 2014) ("The fact that the other party already knows of a potential witness or has a document, does not, by itself, achieve a critical purpose of the Rule 26(a)(1)(A) disclosures." (internal quotation marks omitted)); *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D. N.Y. 1985) ("[I]t is irrelevant that the party seeking discovery already knows the facts as to which he seeks discovery.").

10

RSA appears to argue that a reduction is warranted because the discovery in this case is duplicative to that of the previous lawsuit, to which Travelers has raised no objection. The argument appears to be that Travelers should, therefore, not recover for its efforts in litigating deficiencies it did not argue about in the previous proceeding. RSA's two-sentence argument is insufficiently developed to warrant consideration. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

Relatedly, RSA argues that Travelers has made the discovery dispute more expensive by not conferring with RSA after the November 30, 2021 order and instead engaging in motions practice. RSA's argument fails to recognize that the discovery dispute stems from RSA's failure to participate in discovery or communicate with Travelers regarding discovery between June (when RSA failed to respond to Travelers's report of planning meeting) and November 2021 (when Travelers notified the court of the discovery dispute). The November 30, 2021 order was not a re-initiation of discovery; it was a set of final deadlines for RSA to comply with its discovery obligations, with an authorization that Travelers could immediately move for sanctions if RSA failed to meet any one of them. ECF Doc. 16 at 3; Minute Order dated 11/30/2021. Travelers was not required to confer with RSA over the quality of its discovery production before exercising that authorization. It's also worth noting that Travelers did attempt to address the deficiencies in RSA's discovery production. ECF Doc. 18-7. RSA neither responded nor communicated to Travelers as to why it could not timely respond to the deficiency letter. ECF Doc. 18 at 3.

The above-discussed reductions amount to $897.40.  The adjusted loadstar amount is therefore $10,012.60.  Thus, I recommend that Travelers be awarded $10,012.60 in attorney fees.

Dated: November 21, 2022

Thomas M. Parker
United States Magistrate Judge

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 301875, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).