UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROHALEY AND SON AUTOMOTIVE INC.,** | ) ) ) | CASE NO. 1:20-CV-2700 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| **TRAVELERS CASUALTY, INSURANCE COMPANY OF AMERICA,** | ) ) ) ) ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter stems from Plaintiff's failure to timely respond in discovery. Because of Plaintiff's failure, the Court issued a series of final deadlines for Plaintiff to comply with its discovery obligations. (Non-Document Order of November 30, 2021.) By the deadline, Plaintiff furnished the overdue initial disclosures and discovery responses. (ECF #17.) However, Defendant filed a motion arguing the quality of Plaintiff's discovery disclosures and responses was so inadequate as to violate the spirit of the court's order. (ECF #18.) For relief, Defendant sought either: (i) dismissal of the complaint, or (ii) an order compelling Plaintiff to supplement its discovery responses. *Id.* The Court referred the motion to the Magistrate Judge who, on April 29, 2022, issued a Report and Recommendation that Plaintiff's complaint be dismissed due to the discovery abuse but allowed the 14-day period for objection to serve as a window during which Plaintiff could cure its deficiencies. (ECF #26.)

1

Plaintiff attempted to cure, but Defendant maintained the responses were still inadequate. The matter was again referred to the Magistrate Judge to determine if Plaintiff's curative responses were compliant with its obligations and whether a sanction less than dismissal was appropriate. (ECF #32.) The Magistrate Judge issued a Supplemental Report and Recommendation finding that Plaintiff's curative discovery responses substantially complied with its discovery obligations and Plaintiff's conduct warranted a lesser sanction, specifically an order to compel further supplementation and to award Defendant the costs it incurred to litigate the motion to compel. (ECF #35.) No objections were filed to the Supplemental Report and Recommendation and on August 26, 2022, the Court adopted the R&R and specifically ordered Plaintiff to pay the reasonable expenses and attorney fees Defendant incurred to pursue its motion to compel. (ECF #37.)

Defendant submitted its costs to the Court (ECF #36) and Plaintiff objected to the amounts and method Defendant presented its expenses and attorney fees. (ECF #38.) The Court referred the matter to the Magistrate Judge to determine the reasonableness of the fees and expenses Defendant incurred to pursue its motion to compel and to issue a Report and Recommendation. (ECF #39.)

This matter is now before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") to award $10,012.60 in attorney fees incurred in bringing a motion to compel in this matter. (ECF #43.) Plaintiff has objected (ECF #44) and Defendant has responded. (ECF #45.)

## LAW AND ANALYSIS

Upon objection to a Magistrate Judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also*

Fed. R. Civ. P. 72(b)(3).  After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Objections must "address specific concerns" with the report and recommendation to "'focus attention on those issues . . . that are at the heart of the parties' dispute.'"  *Howard. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas v. Arn,* 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)).  "[A]n objection preserves an issue when it explains and cites specific portions of the report which [the party] deems problematic." *Robert v. Tesson,* 507 F.3d 981, 994 (6th Cir. 2007) (citation and brackets omitted).  However, a general or non-specific objection to a report and recommendation is tantamount to no objection at all. *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (quoting *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995)).  Objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general and therefore insufficient.  *Id.*  General objections trigger only clear-error review.  *Equal Emp. Opportunity Comm'n v. Dolgencorp,* LLC, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd,* 899 F.3d 428 (6th Cir. 2018).

Plaintiff misconstrues the procedural posture of the matter when he asks the Court to decline to adopt the recommendation of the Magistrate Judge and deny Defendant's request for an award of attorney fees.  (ECF #45.)  The question of whether there will be an award of fees was previously answered by the Court when it ordered Plaintiff to pay the reasonable expenses and attorney fees Defendant incurred to pursue its motion to compel.  (ECF #37.)  The issue before the Magistrate Judge was the proper amount of the award, not whether it is appropriate to

3

award any fees. The Court declines Plaintiff's tacit request to find that any amount is unreasonable as that position is equivalent to a "do-over" for Plaintiff's struthious failure to object to the Supplemental Report and Recommendation which found that an award was proper. Accordingly, the Court will consider Plaintiff's objections in the proper context: do the objections present reviewable issues related to the calculation of the amount of the award of attorney fees?

Plaintiff begins his objection by noting that the Magistrate Judge failed to consider the personal circumstances of its counsel related to the health of his law partner spouse. (ECF #44.) While the Court is sympathetic to counsel's circumstances, this objection does not explain which part of the R&R with which Plaintiff takes issue except to the extent that it represents an objection to the entirety of the proceeding. General objections are insufficient to preserve an issue for review.

Plaintiff also objects on the basis that the discovery dispute which predicated this issue was gratuitous because "Defendant was provided the same production of documents by the same google drive in the previous filing of this case, and made no objection then." (ECF #45.) This objection targets the propriety of any award, not the amount of the award. Accordingly, it is nonresponsive to the R&R and does not preserve an issue for review.

Last, Plaintiff objects to the Magistrate's alleged "solicitous handling" of Defendant's "failures to prove up the amount it sought in sanctions" and opining the Magistrate Judge should have denied Defendant's motion for fees rather than providing it the opportunity to submit its evidence. (ECF #45.) Because of the procedural history, Plaintiff encourages the Court to review the matter as if Defendant "had not been needed to be prompted *three times* to substantiate its claimed fees" (*Id.*, emphasis in the original), i.e., as if Defendant had not been

4

permitted to submit evidence of its fees. The Court declines Plaintiff's invitation. Plaintiff's objection is to the manner in which the Court conducted the matter, not the resolution of the matter itself or the logic and methodology by which the Magistrate Judge calculated the amount to award in attorney fees related to the litigation of the motion to compel. Accordingly, it is nonresponsive and general in nature and does not preserve an issue for review.

The record reflects that Plaintiff was ordered to pay the reasonable expenses and attorney fees Defendant incurred to pursue its motion to compel.[1] Defendant submitted its evidence (ECF #36), Plaintiff objected on the basis that the evidence lacked sufficient dates, utilized block-billing, and were excessive on their face for the tasks enumerated. (ECF #38). The Court referred the matter to the Magistrate Judge to resolve (ECF #39.) and the Magistrate Judge ordered Defendant to reply to Plaintiff's response. (Non-Document Order of October 31, 2022.) The Magistrate Judge further ordered Defendant to supplement its bill of costs. (ECF #41.) Defendant complied. (ECF #42.) On this record, the Magistrate Judge reviewed the affidavits of counsel and the billing and determined, over objection, Defendant's bill of costs was not so lacking in detail as to preclude an award of reasonable costs in the amount of $10,012.60.

Because Plaintiff's objections are general in nature or nonresponsive they are not entitled to de novo review. Therefore, the Court need only review the R&R for clear error. *Travis v. Smith,* No. 1:09-cv-2187, 2011 U.S. Dist. LEXIS 40727, at *1 (N.D. Ohio Apr. 14, 2011)

---

[1] The Court observes that the Magistrate Judge's Supplemental Report and Recommendation (ECF #35) specifically included language related to Fed.R.Civ.P. 72 informing the parties of the 14-day window to object to the Report and Recommendation and that failure to raise objections may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals. Accordingly, Plaintiff had an opportunity to object to the Magistrate Judge's Supplemental Report and Recommendation finding that Plaintiff should be ordered to pay reasonable attorney fees related to Defendant's litigation of the motion to compel. Plaintiff failed, refused or declined to file an objection.

(citation omitted); see also *Kirkland v. Comm'r of Soc. Sec.,* No. 5:20-cv-2480, 2022 U.S. Dist. LEXIS 39101, at *5 (N.D. Ohio Mar. 4, 2022) ("A 'general objection is treated as no objection at all and results in only clear error review' of the Report and Recommendation.") (quoting *Allgood v. Shoop,* No. 1:19-cv-02808, 2021 U.S. Dist. LEXIS 98361, at *1 (N.D. Ohio May 25, 2021) (citing *Travis,* 2011 U.S. Dist. LEXIS 40727, at *1)); *Day v. Onstar, LLC,* No. 2:19-cv-10922, 2019 U.S. Dist. LEXIS 123136, at *1 (E.D. Mich. July 24, 2019) (frivolous, conclusive, or general objections to a report and recommendation are reviewed for clear error) (citations omitted).

The Court has reviewed the detailed, thorough R&R, which analyzed Defendant's evidence of fees and Plaintiff's opposition to the evidence. Because Plaintiff has not asserted specific objections to the well-reasoned recommendations of the Magistrate Judge, the Court reviews the R&R for clear error and finds none.

## CONCLUSION

Plaintiff's objections do not specifically address the subject matter of the R&R. Rather, it seeks to relitigate the Court's decision to award fees at all. The objections asserted by Plaintiff are not of the type that are entitled to de novo review. The Court has reviewed the R&R for clear error and found none. Plaintiff's objections are overruled and the Court **ACCEPTS AND ADOPTS** the R&R.

Accordingly, Plaintiff is **ORDERED** to pay Defendant $10,012.60 in attorney fees related to litigating the motion to compel.

IT IS SO ORDERED.

/s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 3, 2024**