UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROHALEY AND SON AUTOMOTIVE INC.,** | ) ) ) | CASE NO. 1:20-CV-2700 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| **TRAVELERS CASUALTY, INSURANCE COMPANY OF AMERICA,** | ) ) ) ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Travelers Casualty Insurance Company of America's ("Travelers") Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P 41(b). (ECF #49.) According to Travelers, Plaintiff has failed to prosecute this action from December of 2022 until September of 2024. It adds that Plaintiff was previously sanctioned for failure to prosecute and warned that further delays may result in dismissal. As a result, Travelers argues that Plaintiff's repeated delays have prejudiced Travelers, warranting dismissal for failure to prosecute. Plaintiff has opposed the Motion (ECF #50) and Defendant has replied in support. (ECF #51.)

For the following reasons, the Court **DENIES** the Motion.

**PROCEDURAL HISTORY**

Plaintiff originally filed its Complaint in 2018. After its prior counsel was permitted to withdraw, the Court instructed Plaintiff to obtain new counsel or face dismissal for failure to

1

prosecute. When Plaintiff failed to secure new counsel by the Court's deadline, its claims were dismissed without prejudice for want of prosecution.

Plaintiff refiled its Complaint in December of 2020, asserting identical breach of contract and bad faith claims alleged in the original. The Court issued Plaintiff a Show Cause Order in March of 2021 due to Plaintiff's failure to timely serve Travelers. Considering Plaintiff's counsel's response that failure to serve was due to a number of issues, including a death in counsel's family, COVID-19 logistic issues with counsel's school-aged children and workload issues, the Court granted Plaintiff additional time for service. Plaintiff subsequently perfected service on Travelers in April of 2021.

Once service was perfected, the Court issued a Notice of Case Management Conference that required the parties to confer and submit a proposed case management schedule. Plaintiff failed to provide a discovery plan, failed to file a Rule 26 Report and failed to timely provide its initial disclosures. The Court set a case management schedule with non-expert discovery due November 19, 2021. On November 15, 2021, Travelers filed a Notice of Discovery Dispute alleging that Plaintiff had failed to file initial disclosures, failed to provide a demand and failed to respond to discovery. The Court referred the matter to the Magistrate Judge for resolution.

After a conference with the parties, the Magistrate Judge noted that Plaintiff's counsel did not show good cause for his discovery failures but instead recited personal issues and a major court event that prevented him from complying with the deadlines under the Federal Rules and Court's Case Management Order. The Magistrate Judge also noted that while Plaintiff's counsel did not provide, nor request discovery in this case, he was able to work on at least one other case, evidencing that his personal issues did not prevent him from doing any work. As a result, the parties, with approval of the Magistrate Judge, conferred on a proposed, extended case

management schedule with the proviso that any further failures of Plaintiff to meet the new deadlines would result in a motion to dismiss for failure to prosecute.

On November 30, 2021, the Court adopted the Magistrate Judge's recommendations, including a new non-expert discovery cut-off date of February 18, 2022.  The Court also adopted the Magistrate Judge's recommendation that approved of the filing of a motion to dismiss for any failures of Plaintiff to comply with the new schedule.

On December 10, 2021, Plaintiff filed a Notice of Service of Discovery Responses in accordance with the November 30, 2021 Order.

On January 31, 2022, Travelers filed a Motion to Dismiss for Plaintiff's alleged failure to provide responses or for incomplete responses to Travelers' discovery requests.  The Court referred the Motion to the Magistrate Judge for a Report and Recommendation.  On April 29, 2022, the Magistrate Judge recommended that the Court grant Travelers' Motion to Dismiss because of Plaintiff's repeated failures to comply with Court orders and discovery rules.

Plaintiff filed its Objections along with amended answers to the outstanding discovery requests.  The Magistrate Judge subsequently considered the amended responses and found nine were still deficient.  However, because some responses were sufficient he issued a Supplemental Report and Recommendation August 11, 2022, determining that dismissal was not appropriate.  Instead, the Magistrate Judge recommended that Plaintiff be ordered to further supplement its discovery responses and that costs be issued against Plaintiff for the repeated delays.  The Magistrate Judge instructed Travelers to submit its itemized costs incurred to determine the sanction amount and further instructed Plaintiff to file its Objections to the Supplemental Report and Recommendation by August 25, 2022.  Travelers submitted its itemization on August 24,

2022. Plaintiff did not file a timely Objection to the Supplemental Report and Recommendation and the Court adopted the Supplemental Report and Recommendation on August 26, 2022.

Plaintiff did file a response to Travelers' itemization on August 29, 2022. The parties disputed the amount of fees incurred by Travelers in support of its Motion to Compel and the Court referred the dispute to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation recommending that the Court award Travelers a fee amount of $10,012.60. After considering Plaintiff's Objections, the Court adopted the Magistrate Judge's award and ordered Plaintiff to pay the $10,012.60 for costs associated with Traveler's filing of its Motion to Compel.

On September 19, 2024, Plaintiff filed a Motion to Amend Judgment which sought to address the status of the case. This matter had been erroneously administratively closed around the time the Court was considering the Magistrate Judge's initial Report and Recommendation that Travelers original motion to dismiss (ECF #18) be granted but provided Plaintiff an option to cure its discovery deficiencies. After filing a response to the Motion to Amend Judgment on October 3, 2024, Travelers filed the instant Motion to Dismiss for Lack of Prosecution on November 11, 2024.

## MOTION TO DISMISS

According to Travelers, dismissal is warranted because of Plaintiff's numerous delays in discovery, its non-responses or inadequate responses to discovery, its blatant disregard of Court orders and the Rules of Civil Procedure and lastly, a nearly two-year period of absolutely no activity by Plaintiff.

Travelers documents the procedural timeline of this matter, recounting Plaintiff's failures to timely provide initial disclosures, serve Defendant, participate in the Rule 26 Meeting and failure to respond to discovery within the Court established deadline. Only after Travelers

4

sought and obtained the Court's intervention did Plaintiff provide discovery and then only provided material that required further orders from the Court to obtain fully compliant responses. Travelers emphasizes that Plaintiff's failures were so egregious that the Magistrate Judge initially recommended granting dismissal for want of prosecution, only to relent when Plaintiff finally, and months after the Court's initial discovery cut-off date, provided substantive responses.

Travelers further contends Plaintiff essentially abandoned this action in December of 2022, filing nothing in the case until September of 2024. Yet, while abandoning this case, Plaintiff actively pursued related litigation in a state case in Lake County, Ohio. Travelers outlines a long list of activities in the Lake County case engaged in by Plaintiff through its counsel in the related case, while doing leaving this action abandoned.

Plaintiff opposes the Motion to Dismiss, arguing that the original case management schedule was superceded by the Court to address the numerous motions filed by Travelers in response to Plaintiff's failure to provide complete and timely discovery. The Magistrate Judge said he would issue a new case management schedule but Plaintiff notes no new schedule was set during the litigation of Defendant's prior motion to dismiss.

Moreover, Plaintiff contends the Court was aware of his heavy engagement in the related state court suit and the trial and appeals of that suit ran from October 2021 through September of 2024. It was only in September of 2024 that the Court ruled on Plaintiff's pending Objections to the Magistrate Judge's Report and Recommendation of November 21, 2022. Along with its adoption of the November 2022 Report and Recommendation, the Court's docket indicated the case was closed despite there being no dismissal language in the adoption Order.

5

Plaintiff's counsel emailed Travelers' counsel about moving jointly to have the erroneous "case closed" designation removed from the docket.  When Travelers' counsel did not respond Plaintiff moved to amend the judgment to have the case closed designation removed.  Travelers opposed the Motion on a procedural basis, noting the Court had already removed the closed designation, and urged the Court to enforce the sanctions award.  Shortly thereafter, Travelers' counsel reached out to Plaintiff's counsel to seek agreement that Plaintiff would dismiss the case voluntarily.  When Plaintiff would not agree to dismiss the case, Travelers filed its Motion to Dismiss.

Although Travelers' Motion to Dismiss contains more than ten pages of facts outlining all of Plaintiff's purported discovery failures and delays, Plaintiff argues that the Court has already addressed those prior faults that ultimately resulted in monetary sanctions.  Thus, the only new conduct is Plaintiff's alleged failure to prosecute the action from November 2022 to September 2024.

Given the Court's delay in ruling on Plaintiff's Objections to the November 2022 Report and Recommendation, Plaintiff assumed that it was due to the Court's waiting to see what happened in the related state court litigation.  Once that action concluded, the Court issued its ruling on the Objections and Plaintiff shortly thereafter reached out to Travelers' counsel.  As a result, Plaintiff contends it did not engage in willful or contumacious conduct as it awaited the Court's Order.  Plaintiff also contends it did not violate any scheduling order as none has been set.  Consequently, Plaintiff contends there has been no willful failure to prosecute.

Plaintiff further alleges that Travelers cannot show prejudice.  Conceding it is true that delay can affect a defendant's ability to defend as witnesses may die or move away, memories fade and evidence can be lost due to the passing of time, Plaintiff contends some of that delay

6

was due to Travelers own delays. In addition, Plaintiff argues that the related state court case had to play out first for this action to proceed. Plaintiff contends it is unlikely that Travelers' basis for denying coverage could have been evaluated fully without first litigating the state court action.

Plaintiff rebuts that the retirement of Travelers' financial expert is a sufficient basis to find it has been prejudiced without some showing that his work was irreplaceable. It also disputes that it should be punished for prior conduct that has already resulted in a monetary sanction. Thus, Plaintiff contends there have been no further missteps by Plaintiff.

Finally, Plaintiff argues no further sanction is warranted against it as there has been no new schedule set and Plaintiff moved promptly after the Court issued its ruling on Plaintiff's Objections to the November 21, 2022 Report and Recommendation.

## LAW AND DISCUSSION

"Although a district court 'must be given substantial discretion' in its decision to dismiss a case for failure to prosecute, 'the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Evans v. Liberty Ins. Corp.,* 702 F. App'x 297, 299 (6th Cir. 2017) (quoting *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 736 (6th Cir. 2008)).

A court considers four factors when evaluating a motion to dismiss for want of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 737. "None of these factors is dispositive, and a 'case is properly dismissed by the district court where there is a clear

7

record of delay or contumacious conduct.'" *Evans*, 702 F. App'x at 299 (quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999)).

**A. Plaintiff's failure is not due to Willfulness, Bad Faith, or Fault.**

Under the first of the Sixth Circuit factors, the Court must consider whether Plaintiff's failure to prosecute was the result of willfulness, bad faith or fault. There is no question that Plaintiff failed to comply with a host of procedural rules and Court Orders that needlessly delayed these proceedings. From failing to timely perfect service at the onset of the case, to failing to participate in the Rule 26 Planning Meeting, the numerous discovery delays and failures to abide by Court Orders and Federal Rules of Civil Procedure, necessitating several referrals to the Magistrate Judge, there has been a steady and consistent failure to prosecute this action. Furthermore, the Court gave Plaintiff a second chance to comply when the Magistrate Judge determined initially that dismissal for failure to prosecute was warranted only to relent and recommend monetary sanctions when Plaintiff finally complied. In short, there is no question that there has been repeated failures to prosecute this action.

The Court agrees with Plaintiff however, that its prior conduct was already dealt with and sanctioned, thus, the only new conduct is the delay from November 2022 to September 2024 and that does not appear to be the result of any willful intent on the part of Plaintiff. There was a pending ruling on a Report and Recommendation. Moreover, there has been no new case management scheduled once non-expert discovery closed, so there has been no subsequent violation of a court order or discovery Rule.

The Court further holds that the most recent delay appears to have been at least partly due to the case having been erroneously removed from the active docket administratively and only returned to the docket in April of 2024. Thus, the Court finds that this delay was not due to any

8

willful conduct by Plaintiff. Rather, the docketing error resulted in a delayed ruling on the November 2022 Report and Recommendation and was not a result of contumacious conduct by Plaintiff.

### B. Any prejudice to Defendant was addressed by monetary sanction.

While there is no question that Defendant was prejudiced by Plaintiff's past conduct, that prejudice has been addressed by the sanction award. Again, this most recent delay was due at least in part to the erroneous administratively closing of the case. Thus, the Court finds this factor does not weigh in favor of the harsh sanction of dismissal.

### C. No new conduct implicates a prior warning of dismissal.

This Court has issued numerous warnings that dismissal was possible if either party failed to comply with Court orders, and more specifically in this instance if Plaintiff continued to delay the proceedings. Here, the most recent delay was not due to Plaintiff's failure to cooperate with Travelers, nor failure to abide by a court order. Thus, the factor does not support dismissal.

### D. Plaintiff has already been sanctioned for its conduct.

The Court has already considered and issued a less drastic sanction of a monetary award for Plaintiff's delays. Again, because the most recent delay was not due to any contumacious conduct by Plaintiff and because the Court has found that a monetary sanction is sufficient sanction, this factor also does not militate in favor of dismissal.

## CONCLUSION

Therefore, for the foregoing reasons, the Court **DENIES** Travelers' Motion to Dismiss. The Court orders the parties to confer and submit to the Court no later than February 7, 2025 a joint proposed case management schedule to include settlement conference, dispositive motion, expert and trial dates. The Court notes that non-expert discovery is closed. Finally, the Court

orders Plaintiff to pay Travelers the monetary sanction amount by February 17, 2025 or face additional sanctions up to and including dismissal.

    **IT IS SO ORDERED.**

                                    /s Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**

**Dated: January 30, 2025**