# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROHALEY & SON AUTOMOTIVE, INC. | ) ) ) | CASE NO. 1:20CV2700 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) | OPINION AND ORDER |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Travelers' Casualty Insurance Company of America's ("Travelers") Renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) and 37(b). (ECF # 56). For the following reasons, the Court grants the Motion and dismisses the case.

This is now the third Motion to Dismiss filed by Defendant. According to Travelers, Plaintiff has failed to comply with the Court's fee award order of January 30, 2025, wherein the Court ordered Plaintiff to pay Defendant's fees associated with its Motion to Compel of $10,012.60 by February 17, 2025 for its repeated failure to provide discovery and comply with the Federal Rules and Court orders. The Order expressly held that if Plaintiff failed to pay the amount by February 17, 2025, it would "face additional sanctions up to and including dismissal." (ECF # 52). Not only did Plaintiff fail to pay the sanction, it wholly ignored the Order, never reaching out to the Court to ask for any relief. Nor did it attempt to make any partial payment of

the Order.

The Court sanctioned Plaintiff for its repeated delays and lack of cooperation in discovery.  Plaintiff was warned in the sanction order that further delays may result in dismissal. As a result, Travelers again asks the Court to dismiss with prejudice Plaintiff's claims and award Travelers its reasonable expenses for filing the Third Motion to Dismiss.

In response, Plaintiff alleges simply it is unable to pay the fee award.   According to Plaintiff, it engaged in conversations with Travelers' counsel on February 6, 2025.  Plaintiff informed Defendant that due to a state court ruling, Plaintiff is left with only debts, rendering it insolvent.  The parties attempted to resolve the matter but Plaintiff refused to drop this suit as part of any resolution.

Defendant replies that Plaintiff has offered no evidence of its insolvency.  There is no affidavit, declaration or other evidence supporting its blanket assertion that it cannot pay the fee award.  As a result, Plaintiff has failed to meet its burden to show why it failed to comply with the Court's sanction order and the Court should give no weight to Plaintiff's explanation but should instead dismiss for Plaintiff's failure to comply with the fee award order and for its long history of delays in this action.

**Procedural History**

As described in the Court's previous Order, Plaintiff originally filed its Complaint against Travelers in 2018.  After its prior counsel was permitted to withdraw, the Court instructed Plaintiff to obtain new counsel or face dismissal for failure to prosecute.  When Plaintiff failed to secure new counsel in the time frame set by the Court, its claims were dismissed without prejudice for want of prosecution.

Plaintiff then refiled its claims against Travelers in December of 2020, asserting the same breach of contract and bad faith claims as alleged in the original Complaint.  The Court issued Plaintiff  a Show Cause Order in March of 2021 due to Plaintiff's failure to timely serve Travelers.  In light of Plaintiff's counsel's response that failure to serve was due to a number of issues, including: a death in counsel's family, COVID-19 logistic issues with counsel's school-aged children and workload issues, the Court granted Plaintiff additional time to serve Travelers. Plaintiff subsequently perfected service on Travelers in April of 2021.

Once service was perfected, the Court issued a Notice of Case Management Conference that required the parties to confer and submit a proposed case management schedule.  Plaintiff failed to provide a discovery plan, failed to file a Rule 26 Report and failed to timely provide its initial disclosures.  The Court set a case management schedule with a non-expert discovery due November 19, 2021.  On November 15, 2021, Travelers filed a Notice of Discovery Dispute alleging that Plaintiff had failed to file initial disclosures, failed to provide a demand and failed to respond to discovery.  The Court referred the matter to the Magistrate Judge for resolution.

After a conference with the parties, the Magistrate Judge noted that Plaintiff's counsel did not show good cause for his discovery failures but instead recited personal issues and a major court event that prevented him from complying with the deadlines under the Federal Rules and Court's Case Management Order.  The Magistrate Judge also noted that while Plaintiff's counsel did not provide nor request discovery in this case, he was able to work on at least one other case, evidencing that his personal issues did not prevent him from doing any work.  As a result, the parties, with approval of the Magistrate Judge, conferred on a proposed, extended case management schedule with the proviso that any further failures of Plaintiff to meet the new

deadlines would result in a motion to dismiss for failure to prosecute.

On November 30, 2021, the Court adopted the Magistrate Judge's recommendations, including a new non-expert discovery cut-off date of February 18, 2022. The Court also adopted the Magistrate Judge's recommendation that approved of the filing of a motion to dismiss for any failures of Plaintiff to comply with the new schedule.

On December 10, 2021, Plaintiff filed a Notice of Service of Discovery Responses in accordance with the November 30, 2021 Order.

On January 31, 2022, Travelers filed a Motion to Dismiss for Plaintiff's alleged failure to provide responses or for incomplete responses to Travelers' discovery requests. The Court referred the Motion to the Magistrate Judge for a Report and Recommendation. On April 29, 2022, the Magistrate Judge recommended that the Court grant Travelers' Motion to Dismiss because of Plaintiff's repeated failures to comply with Court orders and discovery rules. Plaintiff filed its Objections along with amended answers to the outstanding discovery requests. The Magistrate Judge subsequently considered the amended responses and found nine were still deficient. However, because some responses were sufficient he amended his prior R & R in a supplemental R & R issued August 11, 2022 and determined that dismissal was not appropriate. Instead, the Magistrate Judge recommended that Plaintiff be ordered to further supplement its discovery responses and that costs be issued against Plaintiff for the repeated delays. The Magistrate Judge instructed Travelers to submit its itemized costs incurred in order to determine the sanction amount and further instructed Plaintiff to file its Objections to the Supplemental Report and Recommendation by August 25, 2022. Travelers submitted its itemization on August 24, 2022. Plaintiff did not file a timely Objection to the Supplemental Report and

4

Recommendation and the Court adopted the Supplemental Report and Recommendation on August 26, 2022.

Plaintiff did file a response to Traveler's itemization on August 29, 2022.   The parties disputed the amount of fees incurred by Travelers in support of its Motion to Compel and the Court referred the dispute to the Magistrate Judge.  The Magistrate Judge issued a  Report and Recommendation on November 21, 2022, recommending that the Court award Travelers a fee amount of $10,012.60.  After considering Plaintiff's Objections, the Court adopted the Magistrate Judge's award on September 3, 2024 and the Court ordered Plaintiff to pay the $10,012.60 for costs associated with Traveler's filing of its Motion to Compel.

On September 19, 2024, Plaintiff filed a Motion to Amend Judgment on the September 3, 2024 Order, contending that the docket reflected the case had been closed despite there being no judgment issued by the Court in its September 3, 2024 Order.  After filing a response to the Motion to Amend Judgment on October 3, 2024, Travelers filed its Motion to Dismiss for Lack of Prosecution on November 11, 2024.  In its Motion, Travelers argued that Plaintiff essentially abandoned this action in December of 2022, filing nothing in the case and doing nothing in the case until September of 2024.  Yet, while abandoning this case, Plaintiff actively pursued related litigation in a state case in Lake County, Ohio.  Travelers outlined a long list of activities in the Lake County case engaged in by Plaintiff through its counsel in the related case, while doing nothing for nearly two years in this action.

The Court held that the delay from November 2022 to September of 2024 was not due to any contumacious conduct of Plaintiff but instead was due at least in part on a docketing error that administratively closed the case, resulting in a delayed ruling on the November 2022 Report

and Recommendation.  However, in denying the Motion to Dismiss, the Court ordered Plaintiff

to pay the previously ordered sanction amount, to wit, "[f]inally, the Court orders Plaintiff to pay

Travelers the monetary sanction amount by February 17, 2025 or face additional sanctions up to

and including dismissal." (ECF # 52 pg 10).

<u>**LAW AND ANALYSIS**</u>

Under Federal Rule of Civil Procedure 37(b)(2)(A), "a district court may sanction parties

who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit."

*Barron v. Univ. of Michigan,* 613 F. App'x 480, 483 (6th Cir. 2015).  Federal Rule of Civil

Procedure 37(b)(2)C) provides that "the court must order the disobedient party, the attorney

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

the failure..."

A court must consider four factors when evaluating a motion to dismiss for want of

prosecution:  "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether

the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party

was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

sanctions were imposed or considered before dismissal was ordered."  *Id.* at 737.  "None of these

factors is dispositive, and a 'case is properly dismissed by the district court where there is a clear

record of delay or contumacious conduct.'"  *Evans v.  Liberty Insurance Corp.*  702 F. App'x

297,  299 (6th Cir.  July 19, 2017) quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th

Cir. 1999).

**<u>Willfulness, Bad Faith or Fault</u>**

According to Plaintiff, his failure to pay the fee award as ordered by the Court was not

6

due to bad faith but simply due to lack of ability to pay.  But the Court finds this answer wholly inadequate for a number of reasons.  First, Plaintiff never informed the Court of its inability to pay.  It never moved the Court during the time it was required to pay the fee award for additional time to pay, a reprieve of the order due to its financial condition, or move for some other non-monetary sanction.

Second, Plaintiff has utterly failed to provide or produce any evidence supporting its representation of insolvency.  As the Sixth Circuit has held, the party alleging an inability to comply with a court order has the burden of proving the inability to comply.  See *Barron v. University of Michigan,* 613 F.App'x 480, 486 ( 6th Cir.  May 29, 2015).  With the absence of any evidence, Plaintiff has not met his evidentiary burden demonstrating an inability to pay the sanction.

The Court had previously held that "there is no question that Plaintiff failed to comply with a host of procedural rules and Court Orders that needlessly delayed these proceedings." (ECF #52 pg 8).  Despite this holding, the Court found the lesser sanction of a monetary fine was appropriate despite the pattern of delays and failure to comply.  However, the Court did warn Plaintiff that failure to pay could result in further sanctions, including dismissal.  Yet, Plaintiff utterly ignored the Court's Order and failed to reach out to the Court to inform Plaintiff that it could not comply.  In the absence of any evidence of an inability to pay, any attempt to notify the Court of the same and failure to pay even a portion of the fee award, the Court finds Plaintiff willfully ignored the Court's Order.  When considered in light of the broader pattern of delays and failures to comply, the Court finds the first factor favors dismissal.

7

**Prejudice**

The Court held previously that Plaintiff's conduct has needlessly delayed these proceedings and prejudiced Defendant.  In failing to pay the fee award, Plaintiff has further prejudiced Defendant as it has yet again been compelled to motion the Court for Plaintiff's failure to comply.  This has caused Defendant expenses it should not be required to expend in defending this action.   The Sixth Circuit has held that a party is prejudiced when it is "required to waste time, money and effort in pursuit of cooperation which the [opposing party] was legally obligated to provide." *Harmon v.  CSX Transp., Inc.*  110 F.3d 364, 368 (6th Cir.  1997).  The monetary award was considered by the Court to be a lesser sanction than dismissal but was intended to correct the prejudice to Defendant by recovering its expenditures that were caused solely by Plaintiff's failures to comply with discovery rules and the Court's Orders.   By failing to pay the fee award, Plaintiff continues to prejudice Defendant.   Therefore, the second factor supports dismissal.

**Warned of Dismissal**

The Court's January 30, 2025 Order expressly warned Plaintiff "to pay Travelers the monetary sanction amount by February 17, 2025 or face additional sanctions up to and including dismissal."  (ECF # 52 pg 10).  This was not the first time Plaintiff was warned that continued failure to comply may result in dismissal.   The Court's CMC Order states, "Failure to comply with any standing order, case management order, or settlement conference order may result in sanctions."   Moreover, the Magistrate Judge originally recommended dismissal as a sanction in his Report and Recommendation due to Plaintiff's delays and lack of cooperation in discovery but instead,  modified its recommendation in favor of awarding Defendant its fees incurred as a

8

result of Plaintiff's conduct.   Therefore, the third factor supports dismissal as Plaintiff was unequivocally warned that failure to pay the fee award could result in dismissal.

**Less Drastic Sanctions**

In this case, Defendant has filed three Motions to Dismiss.  Each time the Court contemplated dismissal but instead gave Plaintiff additional time to comply with discovery requests and then issued a fee award in lieu of dismissal.  It is because Plaintiff has ignored/failed to comply with the lesser sanction that dismissal is considered a last resort.  Plaintiff has clearly indicated a monetary sanction will have little deterrent effect.  While the Court is reluctant to dismiss an action as a sanction, Plaintiff has shown a general disregard for complying with the Court's orders.  This latest failure to respond, move or otherwise comply with a direct order of the Court to pay Defendant's fees leaves the Court with no option other than dismissal of the action.  Consequently, the fourth factor militates in favor of dismissal.

Therefore, for the foregoing reasons, the Court grants, with prejudice, Defendant's Renewed Motion to Dismiss in light of Plaintiff's failure to comply with the Court's sanction order.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: August 21, 2025

9